IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY J. BARNES, )
 )
        Plaintiff, )
 )
v. ) Civ. Action No. 04-1382-WEB
 )
STATE OF KANSAS, ex rel. )
SECRETARY DEPARTMENT OF SOCIAL )
AND REHABILITATION SERVICES, )
 )
        Defendants. )
 )

### Memorandum and Order

Plaintiff Gregory Barnes filed this action after several unsuccessful attempts in state court to set aside a judgment in a paternity action. In the state proceeding, a district judge found plaintiff was the natural father of a certain child and ordered plaintiff to pay child support and other expenses on behalf of the child. Plaintiff filed several motions in the state district court seeking to vacate the judgment, and he twice appealed the matter to the Kansas Court of Appeals, but these efforts were unavailing. The Kansas Court of Appeals affirmed the judgment in two unpublished orders.[1] Plaintiff then filed the instant federal action claiming the defendants violated his constitutional rights under the Fourth, Sixth, Fourteenth and Fifteenth Amendments to the U.S. Constitution. Among other things, plaintiff complains that his attorney in the paternity proceeding improperly waived plaintiff's right to attend the trial, and that he was thereby

---

[1] See *State of Kansas, et al., v. Barnes*, 98 P.3d 304 (Table, Text in Westlaw, No. 91,613, 2004 WL 2238790) (Kan.App., Oct. 1, 2004) and *State of Kansas, et al., v. Barnes*, 68 P.3d 651 (Kan. App., May 16, 2003) (Table, No. 88,669).

deprived of the right to a trial. In his demand for relief, plaintiff asks this court to "vacate the journal entry of judgment in the paternity case ... and order that plaintiff be given a fair trial." Doc. 1.

The matter is now before the court on a motion by the defendants to dismiss the action. Among other things, defendants argue that under the "*Rooker-Feldman* doctrine" this court lacks subject matter jurisdiction to review the rulings of the state courts. Defendants also point out that the Fourth and Sixth Amendments are inapplicable in this civil proceeding and that the right to vote protected by the Fifteenth Amendment is not implicated by plaintiff's allegations. Defendants further argue that plaintiff has failed to state a claim for relief and that, in any event, the State of Kansas is not a "person" subject to suit under 42 U.S.C. § 1983.

The court concludes that defendants' argument under the *Rooker-Feldman* doctrine is dispositive. The Rooker-Feldman doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The doctrine recognizes that federal appellate jurisdiction to reverse or modify a state-court judgment is, by virtue of 28 U.S.C. § 1257, lodged exclusively in the United States Supreme Court. Plaintiff is clearly attempting to have this court review the state courts' rulings and declare the state judgment to be null and void. The state court had jurisdiction to decide the paternity issue, however, and this court is not empowered to review its decision, notwithstanding plaintiff's claim that the judgment was obtained in violation of his constitutional rights. His constitutional claims are clearly intertwined with the merits of the state court determination and fall squarely within the scope of the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 125 S.Ct. 1517, 1521-22

(2005) (doctrine applies to cases brought by losing state court party complaining of injuries caused by state court judgment rendered before federal proceeding commenced and inviting federal court to review and reject state court judgment). Thus, the court must dismiss the action for lack of subject matter jurisdiction. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 417 (1923). The court notes that plaintiff has filed a motion to amend his petition to add a claim arising under the Fifth Amendment to the Constitution, but for the same reasons discussed above this court would lack subject jurisdiction over the proposed claim, and the amendment would therefore be futile. *See Lewis v. Commerce Bank & Trust*, 333 F.Supp.2d 1019, 1020 (D. Kan. 2004) (court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss).

*Conclusion*.

Plaintiff's Motion to Amend the Petition (Doc. 9) is DENIED. Defendants' Motion to Dismiss (Doc. 6) is GRANTED. The action is hereby dismissed for lack of subject matter jurisdiction. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED this  29th  day of June, 2005, at Wichita, Ks.

                                                      s/Wesley E. Brown
                                                      Wesley E. Brown
                                                      U.S. Senior District Judge