IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| GREGORY J. BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 04-1382-WEB |
| | ) | |
| STATE OF KANSAS, ex rel. | ) | |
| SECRETARY DEPARTMENT OF SOCIAL | ) | |
| AND REHABILITATION SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### Order

A judgment of dismissal was entered in this action after the court determined that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine. Docs. 11 & 12. The matter is now before the court on plaintiff Gregory Barnes' Motion to Reconsider and Amend the Original Petition. Doc. 13. Among other things, the motion argues that the court erred by concluding it lacked subject matter jurisdiction because the complaint contains a federal question. Moreover, it argues the court misapplied the *Rooker-Feldman* doctrine by presuming that plaintiff could pursue his claim in an alternative forum. Plaintiff asks that he be allowed to proceed with the claim or that he be allowed to amend the petition.

Plaintiff's arguments provide no basis for alteration of the judgment or for an amendment of the petition. The *Rooker-Feldman* doctrine arose in cases where federal question jurisdiction was alleged, so the fact that plaintiff's complaint on its face contains federal claims does not prevent application of the doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (plaintiff alleged that the adverse state-court judgment was rendered in contravention of the U.S. Constitution). As for plaintiff's assertion

that he lacks any alternative forum to pursue the claim, the fact is that he has -- or had -- the opportunity to pursue an appeal of the state trial court ruling in the state courts of Kansas, but he does not have that right here, because *Rooker-Feldman* makes clear that federal jurisdiction to hear an appeal of a state court judgment lies solely in the Supreme Court of the United States by virtue of 28 U.S.C. § 1257.

*Conclusion*.

Plaintiff's Motion for Reconsideration of the Judgment (Doc. 13) is DENIED. IT IS SO ORDERED this  2nd  Day of August, 2005, at Wichita, Ks.

                                      s/ Wesley E. Brown
                                      Wesley E. Brown
                                      U.S. Senior District Judge